UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEDRICK DWAYNE GRANT**                                        **CIVIL ACTION**

**VERSUS**                                                                      **NO. 11-1374**

**OFFICER STEVE DAILEY, ET AL.**                           **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] to stay the above-captioned matter filed by defendants, Steve Dailey ("Dailey") and David Williams ("Williams") (collectively, "defendants"). Plaintiff, Dedrick Dwayne Grant ("Grant"), opposes[2] the motion. For the following reasons, defendants' motion to stay is **GRANTED**.

### *BACKGROUND*

Defendants are City of Ponchatoula police officers. Grant alleges that on August 3, 2010, he was standing with a neighbor outside of his home in Ponchatoula, Louisiana, when one of the defendants[3] approached and ordered Grant and the neighbor to put their hands on the hood of a K-9 unit vehicle.[4] Grant states that he complied with the officer's order and asked the officer what was wrong.[5] According to Grant, the officer responded by cursing at him. The officer allegedly grabbed Grant's arm, called the police dog and signaled for the dog to attack Grant.[6]

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 26.
[3] Grant states that he is unsure which defendant approached him "because the City of Ponchatoula would not provide Mr. Grant with appropriate paperwork related to his arrest." R. Doc. No. 1, ¶ 7.
[4] R. Doc. No. 1, ¶¶ 5-10.
[5] R. Doc. No. 1, ¶¶ 5-10
[6] R. Doc. No. 1, ¶¶ 5-10

1

According to Grant, the police dog responded by locking onto his arm and biting him.[7]  After the incident, defendants took Grant to Lallie Kemp Regional Medical Center for treatment for his injuries, which required several staple stitches.[8]  Grant was later arrested that same day for resisting an officer, resisting an officer with force, battery on an officer, injuring or killing a police animal and inciting a riot.[9]

On June 9, 2011, Grant filed the above-captioned lawsuit pursuant to 42 U.S.C. § 1983 ("§ 1983") asserting that defendants, under color of law, violated his Fourth and/or Fourteenth Amendment right to be free from the use of excessive force while being seized and/or detained.  Grant also asserts that defendants violated his Fifth and/or Fourteenth Amendment right to be free from malicious prosecution and false imprisonment.  Grant further seeks various other relief pursuant to state law.[10]

On November 9, 2011, the District Attorney for the Twenty-First Judicial District, Parish of Tangipahoa, charged Grant with resisting an officer by flight, disturbing the peace and battery of a police officer as a result of the events surrounding Grant's August 3, 2010 arrest.[11]  These criminal charges are currently outstanding and have not been resolved.[12]  Defendants request the Court to stay this civil action pending resolution of Grant's November 9, 2011 criminal charges.[13]

---

[7] R. Doc. No. 1, ¶¶ 11-14.
[8] R. Doc. No. 1, ¶ 15.
[9] R. Doc. Nos. 23-1, p. 1 and 1, ¶ 16.
[10] R. Doc. No. 1, ¶¶ 36-42.
[11] R. Doc. No. 23-2.  Grant states that after his August 3, 2010 arrest, he remained in jail for more than 3 months until a Louisiana judge ordered that he be released.  He alleges that "[n]ow, after a civil lawsuit has been filed and [he] is seeking discovery . . ., it is obvious that prosecution has been 'instituted' on paper just to stay this case."  R. Doc. No. 26, p. 2.  The district attorney has a duty to uphold the integrity of his office.  This Court will not question any exercise of his vested authority without more than an allegation of prosecutorial misconduct.
[12] R. Doc. No. 23-2.
[13] R. Doc. No. 23.

*LAW AND ANALYSIS*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 2d 383 (1994), the U.S. Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (emphasis in original) (footnote omitted).

Grant has not yet been convicted, although he currently awaits prosecution on criminal charges. As the U.S. Supreme Court has underscored, *Heck* does not bar "an action which would impugn *an anticipated future conviction*." *Wallace v. Kato*, 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (emphasis in original). Nevertheless, the U.S. Supreme Court has emphasized that it is not instructing federal courts to forge ahead with cases in which similar considerations exist. Rather, the Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

3

*Id.* at 393-94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (citations omitted).

A stay of this civil action is appropriate pending the resolution Grant's criminal charges. As the U.S. Court of Appeals for the Fifth Circuit stated in *Bush v. Strain*, the question of whether *Heck* bars excessive force claims requires a fact-intensive analysis to determine if "success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). A criminal conviction may not bar a § 1983 claim "if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Id.* at 498. For example, in *Ballard v. Bruton*, the Fifth Circuit held that a plaintiff's excessive force claim was conceptually distinct from his conviction for simple assault. *Ballard*, 444 F.3d 391, 400-401 (5th Cir. 2006). "A finding that [defendant's] use of force was unreasonable," the Fifth Circuit observed, "would not necessarily mean that [plaintiff] did not attempt by physical menace to put [defendant] in fear of imminent serious bodily harm." *Id.* at 401.

Grant's pending criminal charges – resisting an officer by flight, disturbing the peace and battery of a police officer – are of a type and character that a conviction on these charges may bar this § 1983 lawsuit. *See Caldwell v. Lambert*, 2010 WL 3036041, at *3 (W.D. La. June 30, 2010) (U.S. Magistrate Judge report and recommendation) (adopted by James, J., July 25, 2011) (staying § 1983 case pursuant to *Heck* where plaintiff was charged with two counts of resisting arrest by violence and one count of resisting arrest by interfering); *see also Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (holding that *Heck* barred plaintiff's claim for excessive force "because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the

4

basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction."). If Grant is convicted of resisting arrest, such a conviction might prohibit recovery with respect to his excessive force claim because the conviction might imply that defendants' use of force was reasonable under the circumstances. *See Wilson v. Dailey*, 2011 WL 2637183 (E.D. La. July 6, 2011) (Africk, J.); *Walker v. Dailey*, 2011 WL 5182894 (E.D. La. Oct. 31, 2011) (Africk, J.).

Accordingly,

**IT IS ORDERED** that the motion[14] to stay is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED**. Either party may file a written motion to re-open the case within thirty (30) days of the final disposition of Grant's outstanding state criminal charges.

New Orleans, Louisiana, February 2, 2012.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. No. 23.